Shane W. Tseng (SBN 200597)
stseng@prosperalaw.com
PROSPERA LAW, LLP
1901 Avenue of the Stars, Suite 480
Los Angeles, CA 90067
Telephone: (424) 239-1890
Facsimile: (424) 239-1882

Sarah J. Ring (Admitted pro hac vice)
sring@porterhedges.com
Elliott J. Deese (Admitted pro hac vice)
edeese@porterhedges.com
Michelle N. Wolff (Admitted pro hac vice)
mwolff@porterhedges.com
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-600
Facsimile: (713) 228-1331

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA CARNICERIA MEAT MARKET, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CARNICERIA PRIME MEAT MARKET LLC, a California limited liability company; CARNICERIA PRIME MEAT MARKET LLC, a Texas limited liability company; BRANCO RAMIREZ, an individual; REYNALDO PONCE, an individual; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>[Caption continued on next page] | Case No. 2:25-cv-04018-JLS-SK<br><br>**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

1

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

CARNICERIA PRIME MEAT MARKET LLC, a California limited liability company; CARNICERIA PRIME MEAT MARKET LLC, a Texas limited liability company; BRANCO RAMIREZ, an individual; REYNALDO PONCE, an individual,

                  Counter-Plaintiffs.

     vs.

LA CARNICERIA MEAT MARKET, a California corporation, JOSE LUIS RUIZ-LOPEZ, an individual, NOTO LLC a/k/a La Carniceria Meat Market, a Texas limited liability company, and NAHUAL LLC, a Texas limited liability company,

                  Counter-Defendants.

2

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

Defendants Carniceria Prime Meat Market LLC, a California limited liability company ("Carniceria Prime CA"), Carniceria Prime Meat Market LLC, a Texas limited liability company ("Carniceria Prime TX"), Branco Ramirez, and Reynaldo Ponce (collectively, "Defendants") hereby file their Amended Answer, Affirmative Defenses, and Counterclaims in response to La Carniceria Meat Market, a California corporation's ("LCMM" or "Plaintiff") Complaint ("Complaint") [ECF 1].

## **GENERAL DENIAL**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny all allegations contained in the Complaint that are not specifically admitted to in this Answer.

## **ANSWER**

### **Nature of the Action**

1.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of the Complaint, and therefore, denies them.

2.     Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint, and therefore, denies them.

4.     Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.     Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6.     Defendants admit that they applied for a trademark assigned to Serial No. 97405555 and that the USPTO rejected the application, which was subsequently abandoned.   Defendants deny that La Carniceria Meat Market filed a federal trademark registration for its name.

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint.

## Parties

8.      Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint.

9.      Defendant Carniceria Prime CA admits that it is a limited liability company organized under the laws of California.

10.     Defendant Carniceria Prime TX admits that it is a limited liability company organized under the laws of Texas.

11.     Defendant Branco Ramirez admits that he is an individual residing in Houston, Texas.

12.     Defendant Reynaldo Ponce admits that he is an individual residing in Houston, Texas.

13.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint.

## Jurisdiction and Venue

15.     Defendants do not challenge the Court's jurisdiction at this time.

16.     Defendants do not challenge personal jurisdiction at this time.

17.     Defendants do not challenge venue at this time.

## Alter Ego Allegations

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Defendants admit the allegations in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations in Paragraph 22 of the Complaint.

4

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

23.    Defendants deny the allegations in Paragraph 23 of the Complaint.

24.    Defendants deny the allegations in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations in Paragraph 25 of the Complaint.

26.    Defendants deny the allegations in Paragraph 26 of the Complaint.

27.    Defendants deny the allegations in Paragraph 27 of the Complaint.

28.    Defendants deny the allegations in Paragraph 28 of the Complaint.

### Allegations Common to All Causes of Action

29.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint, and therefore, denies them.

30.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 30 of the Complaint and on that basis, denies them.

31.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 31 of the Complaint and on that basis, denies them.

32.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint and on that basis, denies them.

33.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint and on that basis, denies them.

34.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 34 of the Complaint and on that basis, denies them.

35.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of the Complaint and on that basis, denies them.

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

36.    Defendants deny the allegations in Paragraph 36 of the Complaint.

37.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint and on that basis, denies them.

38.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint and on that basis, denies them.

39.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Complaint and on that basis, denies them.

40.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Complaint and on that basis, denies them.

41.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint and on that basis, denies them.

42.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 42 of the Complaint and on that basis, denies them.

43.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 43 of the Complaint and on that basis, denies them.

44.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 44 of the Complaint and on that basis, denies them.

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

45.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 45 of the Complaint and on that basis, denies them.

46.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 46 of the Complaint and on that basis, denies them.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Complaint.

54.     Defendants admit that Branco Ramirez posted a YouTube video on April 23, 2025 titled "CARNECERIA PRIME IS COMING TO CALIFORNIA! and that the store would open in "three to four weeks." Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55.     Defendants admit the allegations in Paragraph 55 of the Complaint.

56.     Defendants deny that the alleged evidence  in Paragraph 56 of the Complaint shows confusion amongst the public.

57.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 57 of the Complaint and on that basis, denies them.

58.     Defendants deny that the USPTO considered whether the use of Defendants' signage for providing meat market services was confusingly similar to La Carniceria's logo for providing meat market services.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

7

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

60.    Defendants deny that they operate any infringing store or that it operates using trade dress that is substantially similar to that of Plaintiff.  Defendants are without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 60 of the Complaint and on that basis, denies them.

61.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 61 of the Complaint and on that basis, denies them.

62.    Defendants admit that they opened their first store in late 2022. Defendants deny the remaining allegations in Paragraph 62 of the Complaint.

### The Trademark

63.    Defendants denies that Plaintiff filed an application to register trademarks.

64.    Defendants deny the allegations in Paragraph 64 of the Complaint.

65.    Defendants admit that Carniceria Prime TX filed an intent-to-use application (Serial No. 97405555) to register its logo. Defendants otherwise deny the remaining allegations in Paragraph 65 of the Complaint.

66.     Defendants deny that Plaintiff filed an application for its logo with the USPTO and that Defendant's application was rejected as confusingly similar to any application owned by Plaintiff.

67.    Defendants deny that the USPTO's office action related to the provision of meat market services.

68.    Defendants admit the allegations in Paragraph 68 of the Complaint and on that basis, denies them.

69.    Defendants admit to using their logo to promote their business. Defendants otherwise deny the remaining allegations in Paragraph 69 of the Complaint.

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

## LCMM Group's Trade Dress

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 71 of the Complaint and on that basis, denies them.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants admit that the photographs in Exhibit A appear to be photographs of their stores. Defendants otherwise deny the remaining allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

## First Cause of Action

## Federal Trademark Infringement (Against All Defendants)

85. Defendants incorporate their responses in Paragraphs 1-84 above herein by reference.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

9

89.    Defendants deny the allegations in Paragraph 89 of the Complaint.

## Second Cause of Action

## Federal Trade Dress Infringement (Against All Defendants)

90.    Defendants incorporate their responses in Paragraphs 1-89 above herein by reference.

91.    Defendants deny the allegations in Paragraph 91 of the Complaint.

92.    Defendants deny the allegations in Paragraph 92 of the Complaint.

93.    Defendants deny the allegations in Paragraph 93 of the Complaint.

94.    Defendants deny the allegations in Paragraph 94 of the Complaint.

95.    Defendants deny the allegations in Paragraph 95 of the Complaint.

## Third Cause of Action

## Federal Unfair Competition (Against All Defendants)

96.    Defendants incorporate their responses in Paragraphs 1-95 above herein by reference.

97.    Defendants deny the allegations in Paragraph 97 of the Complaint.

98.    Defendants deny the allegations in Paragraph 98 of the Complaint.

99.    Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

## Fourth Cause of Action

## Common Law Trademark Infringement (Against All Defendants)

102.    Defendants incorporate their responses in Paragraphs 1-101 above herein by reference.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS**

17337685v1

**Fifth Cause of Action**

**Common Law Trade Dress Infringement (Against All Defendants)**

106.   Defendants incorporate their responses in Paragraphs 1-105 above herein by reference.

107.   Defendants deny the allegations in Paragraph 107 of the Complaint.

108.   Defendants deny the allegations in Paragraph 108 of the Complaint.

109.   Defendants deny the allegations in Paragraph 109 of the Complaint.

110.   Defendants deny the allegations in Paragraph 110 of the Complaint.

111.   Defendants deny the allegations in Paragraph 111 of the Complaint.

**Sixth Cause of Action**

**Common Law Unfair Competition (Against All Defendants)**

112.   Defendants incorporate their responses in Paragraphs 1-111 above herein by reference.

113.   Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 113 of the Complaint.

114.   Defendants deny the allegations in Paragraph 114 of the Complaint.

115.   Defendants deny the allegations in Paragraph 115 of the Complaint.

116.   Defendants deny the allegations in Paragraph 116 of the Complaint.

117.   Defendants deny the allegations in Paragraph 117 of the Complaint.

**AFFIRMATIVE DEFENSES**

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants assert the following affirmative defenses to LCMM's Complaint:

**FIRST AFFIRMATIVE DEFENSE**

**(Waiver, Laches, Estoppel and Acquiescence)**

118.   Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel and acquiescence. Plaintiff and Defendants have both been using their respective trademarks for many years, and thus Plaintiff's unreasonable

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

delay in asserting its alleged rights in its marks and trade dress against Defendants has prejudiced Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

119.   Plaintiff's claims for injunctive relief are barred because it has an adequate remedy at law.

## COUNTERCLAIMS

120.   Pursuant to Federal Rule of Civil Procedure 13, Defendants/Counter-Plaintiffs Carniceria Prime TX, Carniceria Prime CA (together, "Carniceria Prime"), Branco Ramirez, and Reynaldo Ponce (collectively, "Counter-Plaintiffs") bring the following counterclaims against LCMM, Jose Luis Ruiz-Lopez, Noto LLC a/k/a La Carniceria Meat Market ("Noto"), and Nahual LLC ("Nahual") (collectively, "Counter-Defendants"):

## PARTIES

121.   Counter-Plaintiff Carniceria Prime Meat Market, LLC is a California limited liability company.

122.   Counter-Plaintiff Carniceria Prime Meat Market, LLC is a Texas limited liability company.

123.   Counter-Plaintiff Branco Ramirez is an individual residing in Houston, Texas.

124.   Counter-Plaintiff Reynaldo Ponce is an individual residing in Houston, Texas.

125.   Counter-Defendant La Carniceria Meat Market is a California corporation with a principal place of business located at Bellflower, California. La Carniceria Meat Market has already made an appearance in this case.

126.   Counter-Defendant Jose Luis Ruiz-Lopez is an individual residing in Bellflower, California. Mr. Ruiz can be served at his residence located at 9251

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

Alondra Blvd, Suite E, Bellflower, California 90706 or wherever else he may be found.

127.    Counter-Defendant Noto LLC d/b/a La Carniceria Meat Market is the owner of the La Carniceria Meat Market in Houston and San Antonio at 946 N. Loop 1604. Noto is a Texas limited liability company that may be served with process through its registered agent, Pacheco & Couceiro Law Firm, PLLC, located at 2320 Central Blvd, Brownsville, Texas 78520 or wherever it may be found.

128.    Counter-Defendant Nahual LLC is the owner of the La Carniceria Meat Market in San Antonio at 8771 TX-151. Nahual is a Texas limited liability company that may be served with process through its registered agent, Pacheco & Couceiro Law Firm, PLLC, located at 2320 Central Blvd, Brownsville, Texas 78520 or wherever it may be found.

## JURISDICTION AND VENUE

129.    This Court has subject-matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

130.    Joinder of Defendants Mr. Ruiz, Noto, and Nahual is proper under Fed. R. Civ. P 20(a)(2)(B).

## BACKGROUND

131.    LCMM alleges that it has a protectable trademark and trade dress in its Complaint. (Dkt. No. 1). In order to support this notion, LCMM paints a picture of Counter-Plaintiffs stealing LCMM's aesthetic and trademarks. The reality is the opposite: LCMM, Noto, Nahual and Jose Luiz Ruiz came to Texas and copied Counter-Plaintiffs' aesthetic and advertising campaigns. While Counter-Plaintiffs deny that LCMM has any protectable trademark or trade dress, Counter-Plaintiffs assert that, to the extent there is any protectable trade dress, Counter-Plaintiffs use is superior to Counter-Defendants'. Counter-Plaintiffs launched Carniceria Prime Meat Market in September of 2022 out of a desire to bring high-quality, upscale

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

meat products to Texas consumers. *See* Declaration of R. Ponce in Supp. of Resp. to Temporary Restraining Order ("Ponce Decl.") Dkt. No. 27-7 at ¶ 5. Their first location opened and was an immediate success, prompting the opening of a second store just four months later, in January 2023. *Id.* This rapid growth was fueled by the hard work and creativity of Counter-Plaintiffs, particularly Stephania Pedraza, a social media influencer with approximately 50,000 followers at that time. *See* Declaration of S. Pedraza in Supp. of Resp. to Temporary Restraining Order ("Pedraza Decl.") Dkt No. 27-8 at ¶ 3. As a result of her strong social media presence and through giveaways, seasonal content, and engaging videos, Ms. Pedraza helped make Carniceria Prime a huge success. *Id.*

132.    Before launching their first store, Counter-Plaintiffs also developed proprietary food products, including custom marinades created by employee Daphne Serrato, based on her own experimentation. *See* Declaration of D. Serrato in Supp. of Resp. to Temporary Restraining Order ("Serrato Decl.") Dkt. No. 27-9 at ¶ 3. These recipes were developed independently and have no connection to Counter-Defendants' offerings. *Id.*

133.    November 4, 2022, just a few months after Defendants' first store opened, LCMM owner, Jose Luis Ruiz, arrived at Counter-Plaintiffs' Cypress, Texas location with a group of employees, none of whom Defendants recognized. Declaration of B. Ramirez in Supp. of Resp. to Temporary Restraining Order ("Ramirez Decl.") Dkt. No. 27-10 at ¶ 3; Ponce Decl. Dkt. No. 27-7 at ¶ 6. Surveillance footage showed Mr. Ruiz inspecting the layout, meat cases, and even the walls and ceiling of the store. Ramirez Decl. Dkt. No. 27-10 at ¶ 3; Ponce Decl. Dkt. No. 27-7 at ¶ 6. Plaintiff purchased some of Defendants' Wagyu beef, and only after the transaction did Mr. Ramirez and Mr. Ponce approach him. Ramirez Decl. Dkt. No. 27-10 at ¶ 3; Ponce Decl. Dkt. No. 27-7 at ¶ 6. Mr. Ruiz pretended not to know who they were—despite having previously blocked them on Instagram.

14

Ramirez Decl. Dkt. No. 27-10 at¶ 3; Ponce Decl. Dkt. No. 27-7 at ¶ 6.  Nevertheless, as a gesture of goodwill, Mr. Ponce gave Mr. Ruiz his phone number in hopes of establishing a friendly relationship. Ponce Decl. Dkt. No. 27-7 at ¶ 6. The two exchanged a few messages, with Mr. Ruiz wishing Defendants luck and thanking them for the introduction. Ponce Decl. Dkt. No. 27-7 at ¶ 6. There was no indication at that time that the relationship was anything other than that of friendly competitors—aside from Plaintiff's earlier social media blocking. Ponce Decl. Dkt. No. 27-7 at ¶ 6.

134.   At the time of this meeting, LCMM had five locations in California and none in Texas. Ponce Decl. Dkt. No. 27-7 at ¶ 8. That changed on July 1, 2023, when Counter-Defendant Noto opened its first Texas store in San Antonio. Unlike LCMM's earlier California locations, this store adopted a completely different look and feel—one that mirrored Counter-Plaintiffs' modern, minimalist aesthetic. Counter-Defendant Nahual opened the second store in San Antonio.

135.   Since the opening of its first Texas store, Counter-Defendants have opened additional Texas locations—repeatedly adopting and imitating the design, layout, and branding pioneered by Counter-Plaintiffs. On September 7, 2024, Counter-Defendants opened a store in Cypress, Texas close in proximity to Counter-Plaintiffs' original location. Counter-Defendants have since opened an additional store in San Antonio and other parts of Texas. *Id.* When Counter-Defendants opened their first Texas store, it had only five locations; it now boasts over twenty-two, most of which are in California. *Id.* Plaintiff's expansion and newfound success coincided with its exposure to—and copying of—Defendants' business model.

### FIRST COUNTERCLAIM
### (Cancellation of Registration)

136.   Counter-Plaintiffs re-allege and incorporate the foregoing paragraphs in this Counterclaim by reference as if fully set forth within.

15

137.    On January 10, 2022, Counter-Defendant Mr. Ruiz filed a trademark application with the United States Patent and Trademark office ("USPTO") for registration of its logo featuring the profile of a cow facing right with the words "La Carniceria Meat Market" under the cow (the "LCMM Mark"). The USPTO assigned the foregoing Trademark Application No. 6995232 (the "LCMM Application").

138.    The LCMM Application eventually matured into U.S. Trademark Reg. No. 6,995,232 (the "LCMM Registration"). The LCMM Registration claims November 1, 2017 as Mr. Ruiz' date of first use of the LCMM mark.

139.    The LCMM Registration was erroneously approved by the USPTO because the LCMM Mark is merely descriptive.

140.    Accordingly, the LCMM Registration filed by Mr. Ruiz should be cancelled and removed from the principal register pursuant to 15 U.S.C. § 1119 and 28 U.S.C. § 2201.

## SECOND COUNTERCLAIM

### (Trademark and Trade Dress Infringement and Unfair Competition Under Texas Common Law)

141.    Without conceding that the design, appearance, or branding of any party's store is legally protectable trade dress, Counter-Plaintiffs plead in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2) that to the extent any such trade dress is found to exist and to be protectable, and if a likelihood of confusion is found, Counter-Defendants are liable to Defendants for infringement of such trade dress under the common law of the state of Texas. *See Sterling Computers Corp. v. Int'l Bus. Machines Corp.*, No. 4:23-CV-04150-CCT, 2024 WL 4680799, at *9 (D.S.D. Nov. 5, 2024) (refusing to dismiss counterclaims for trademark infringement in the alternative, noting that "although IBM did not make an *affirmative* allegation of consumer confusion, IBM's counterclaims adequately state claims upon which relief may be granted.").

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

142.   Carniceria Prime TX opened its first Carniceria Prime Meat Market location in Cypress, Texas in September 2022. At that time, Counter-Defendants had no stores or branding presence in Texas.

143.   The Cypress store launched with a modern aesthetic that included a combination of visual elements and design features, including:

- Storefront signage featuring a stylized cow facing right alongside bold, all-capitalized words.

- Entrance mats positioned just inside the front door, displaying a light-on-dark logo imprint in a horizontal rectangular layout.

- Staff uniforms consisting of dark polo shirts with white embroidered logos placed on the left chest.

- L-shaped service counters constructed with glass meat displays, overhead soffits, and pendant lights spaced evenly along the counter.

- Digital screens mounted behind the meat counters displaying promotional content and branded visuals.

- Meat displayed in dark-colored trays arranged with visual symmetry inside refrigerated counters.

- A store layout designed without center aisles or standalone fixtures, creating uninterrupted negative space between the counter and walls.

- Shelving placed against the back wall with integrated lighting, used to display seasonings, sauces, and packaged goods in aligned rows.

- Mesquite charcoal packaged in matte black bags bearing a logo and displayed in neat groupings at floor level beneath wall shelving.

- Premium packaging for meat products in heavy cardboard boxes with a dark background and logo branding.

- Stickers placed on the plastic wrap of meat trays.

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

- A cohesive, curated store atmosphere characterized by muted colors, minimal clutter, stylized branding, employee attire, and product staging.

144.    To the extent that any individual element above or combination thereof is deemed non-functional and has acquired secondary meaning, it is Counter-Defendants who have priority of use. These design elements were implemented by Carniceria Prime TX months before Counter-Defendants operated any business in Texas. Carniceria Prime TX has continuously used these design elements in commerce since September 2022.

145.    To the extent any protectable trade dress exists in the combination of design elements described above, Carniceria Prime TX has priority in time and geographic use in Texas.

146.    To the extent any protectable trade dress exists in the combination of design elements described above, and a likelihood of confusion is found, it is Counter-Defendants' whose conduct is unlawful. Carniceria Prime TX is entitled to recover damages and equitable relief resulting from Counter-Defendants' conduct, including but not limited to actual damages, an accounting of profits and injunctive relief.

### THIRD COUNTERCLAIM

### (Federal Unregistered Trade Dress Infringement)

147.    Carniceria Prime TX re-alleges and incorporates the foregoing paragraphs in this Counterclaim by reference as if fully set forth within.

148.    To the extent that Counter-Defendants' alleged trade dress is deemed protectable and a likelihood of confusion is found, then Counter-Defendants Noto and Nahual's conduct as described above also violates Section 43(a) of the Lanham act, 15 U.S.C. § 1125(a).

149.    To the extent any protectable trade dress exists in the combination of design elements described above, Carniceria Prime TX is entitled to recover

18

damages and equitable relief resulting from Counter-Defendants' conduct, including but not limited to actual damages, an accounting of profits, and injunctive relief.

## FOURTH COUNTERCLAIM
### (Declaratory Judgment)

150.    Counter-Plaintiffs re-allege and incorporate the foregoing paragraphs in this Counterclaim by reference as if fully set forth within.

151.    The LCMM Mark is descriptive and therefore ineligible for trademark registration.

152.    Accordingly, Counter-Plaintiffs seek a judicial declaration that the mark is descriptive, that Counter-Plaintiffs have not infringed on the LCMM Mark, and that Counter-Plaintiffs have rights to use its name "Carniceria Prime Meat Market" and logo comprising its name and a cow in its current geographical locations, recently opened California location, as well as Counter-Plaintiffs zones of natural expansion.

## FIFTH COUNTERCLAIM
### (Attorneys' Fees)

153.    Counter-Plaintiffs re-allege and incorporate the foregoing paragraphs in this Counterclaim by reference as if fully set forth within.

154.    Counter-Defendants' positions are substantively weak, yet it continues to press its claims of trademark infringement against Counter-Plaintiffs.

155.    Accordingly, Counter-Plaintiffs seek an award of their reasonable attorneys' fees incurred in prosecuting and defending against this action, as this case is exceptional under 15 U.S.C. §1117(a).

## JURY DEMAND

156.    Counter-Plaintiffs hereby demand a trial by jury on all issues so triable.

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

# PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiffs pray that the Court deny the relief sought in Counter-Defendants' Complaint, enter judgment in Counter-Plaintiffs' favor on its Counterclaims, and award the following relief:

A.    An order instructing the USPTO to cancel U.S. Trademark Reg. No. 6,995,232 pursuant to 15 U.S.C. § 1119.

B.    A declaration that Counter-Plaintiffs are entitled to use of their "Carniceria Prime Meat Market" name and logo.

C.    A declaration that Counter-Defendants infringed on Counter-Plaintiffs' trade dress.

D.    A monetary award for violations of Counter-Plaintiffs' trademark rights, including but not limited to actual damages, Counter-Defendants' profits, and attorneys' fees pursuant to Texas common law and 15 U.S.C. § 1117.

E.    A declaration that this is an "exceptional case" and award Counter-Plaintiffs their reasonable attorneys' fees pursuant to 15 U.S.C. §1117(a);

F.    All costs of suit;

G.    Pre- and post-judgment interest; and

H.    Such other and further relief as the Court may deem just and equitable.


Dated: August 4, 2025            PROSPERA LAW, LLP


By: /s/ Shane W. Tseng
Shane W. Tseng (SBN 200597)
stseng@prosperalaw.com
1901 Avenue of the Stars, Suite 480
Los Angeles, California 90067
Telephone: (424) 239-1890
Facsimile: (424) 239-1882

20

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

17337685v1

—and—

PORTER HEDGES LLP
Sarah J. Ring (*admitted pro hac vice*)
sring@porterhedges.com
Elliott J. Deese (*admitted pro hac vice*)
edeese@porterhedges.com
Michelle N. Wolff (*admitted pro hac vice*)
mwolff@porterhedges.com
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6654
Facsimile: (713) 226-6254

Attorneys for Defendant

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS**

17337685v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2025, a true and correct copy of the foregoing document was served upon Plaintiff's attorneys of record via the method indicated below.

**Gipson Hoffman & Pancione, a Professional Corporation**
Daniel B. Lifschitz
SBN 285068
dlifschitz@ghplaw.com
1901 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-6002
T: (310) 556-4660
F: (310) 556-8945

Attorneys for Plaintiff

*/s/Shane W. Tseng*
Shane W. Tseng

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS**

17337685v1