UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:25-cv-04018-JLS-SK                                               Date: October 29, 2025
Title:  La Carniceria Meat Market Group v. Carniceria Prime Meat Market LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|     Kelly Davis     |     N/A     |
| :---: | :---: |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| :---: | :---: |
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING IN PART AND DENYING IN PART COUNTER-DEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS (Doc. 66)**

Before the Court is a Motion to Dismiss Counterclaims filed by Counter-Defendants La Carniceria Meat Market Group (Plaintiff), Jose Luis Ruiz-Lopez, Noto LLC, and Nahual LLC.  (Mot., Doc. 66.)  Defendants/Counter-Plaintiffs Carniceria Prime Meat Market LLC, Branco Ramirez, and Reynaldo Ponce opposed, and Counter-Defendants responded.  (Opp., Doc. 71; Reply, Doc. 73.)  Having taken this matter under submission, and for the following reasons, the Court GRANTS IN PART and DENIES IN PART Counter-Defendants' Motion.

I.      **BACKGROUND**

This motion stems from an ongoing dispute between Plaintiff/Counter-Defendant La Carniceria Meat Market Group ("LCMM") and Defendants/Counter-Plaintiffs Carniceria Prime Meat Market LLC ("CPMM"), Branco Ramirez, and Reynaldo Ponce. According to Counter-Plaintiffs, Ramirez and Ponce launched CPMM in September 2022 "out of a desire to bring high-quality, upscale meat products to Texas consumers." (Counterclaim ¶ 131, Doc. 62.)  Fueled by a strong social media presence, CPMM opened its second location in January 2023.  (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-04018-JLS-SK                                                      Date: October 29, 2025
Title:  La Carniceria Meat Market Group v. Carniceria Prime Meat Market LLC et al

On November 4, 2022, LCMM owner Jose Luis Ruiz showed up at the Cypress, Texas location of CPMM with a group of employees.  (*Id.* ¶ 133.)  There, he inspected the layout, meat cases, walls, and ceilings of the store.  (*Id.*)  Ramirez and Ponce approached Ruiz, and Ruiz and Ponce exchanged phone numbers and a few messages.  (*Id.*)  At this point in time, LCMM had five locations in California and none in Texas.  (*Id.* ¶ 134.)

On July 1, 2023, Counter-Defendant Noto, a Texas LLC, opened an LCMM store in San Antonio.  (*Id.*)  Unlike the California locations, this LCMM store had a minimalist aesthetic that mirrored that of CPMM.  (*Id.*)  Counter-Defendant Nahual LLC opened a second LCMM store in San Antonio.  (*Id.* ¶ 134.)  Counter-Defendants have continued to open additional Texas locations with a minimalist design that mirrors that of Counter-Plaintiffs' stores.  (*Id.* ¶ 135.)  On September 7, 2024, Counter-Defendants opened a store in Cypress, Texas close to the original CPMM location.  (*Id.*)  LCMM now has 22 locations, most of which are in California.  (*Id.*)  Counter-Plaintiffs allege that this successful expansion is a result of Counter-Defendants copying their business model.  (*Id.*)

LCMM initiated this lawsuit on May 5, 2025, bringing claims against CPMM, Ramirez, and Ponce under federal and state law for trademark infringement, trade dress infringement, and unfair competition.  (Compl., Doc. 1.)  On June 13, 2025, this Court denied LCMM a preliminary injunction that would have enjoined Defendants' use of the allegedly infringing trademark and trade dress in California.  (PI Order, Doc. 52).  Defendants/Counter-Plaintiffs then filed their Amended Answer, Affirmative Defenses, and Counterclaims for (1) cancellation of the LCMM mark; (2) Texas trade dress infringement; (3) federal trade dress infringement; (4) declaratory judgment of non-infringement; and (5) attorney's fees.  (Counterclaim.)  Counter-Defendants filed this motion to dismiss all counterclaims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Mot.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-04018-JLS-SK                                                                 Date: October 29, 2025
Title:  La Carniceria Meat Market Group v. Carniceria Prime Meat Market LLC et al

## II. LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (indicating that the Rule 15(a)(2) policy is to be applied with "extreme liberality"). But Rule 15's "liberality does not apply when amendment would be futile." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016). A proposed amendment is futile where "no set of facts can be proved under the amendment that would constitute a valid claim." *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-04018-JLS-SK                                                    Date: October 29, 2025
Title:  La Carniceria Meat Market Group v. Carniceria Prime Meat Market LLC et al

### III.  ANALYSIS

The Court addresses the arguments to dismiss each of Counter-Plaintiffs' claims in turn.

**A.  Second and Third Counterclaims: Trade Dress Infringement**

Counter-Plaintiffs bring two counterclaims "in the alternative" for trade dress infringement under Texas law (Second Counterclaim) and the Lanham Act (Third Counterclaim).  (Counterclaim ¶¶ 141, 147.)  Consistent with their arguments at the Preliminary Injunction stage, Counter-Plaintiffs' primary position is "that LCMM does not have any protectable trade dress."  (Opp. at 9.)  However, their counterclaims allege that "if the Court determines that the alleged trade dress is protectable, then CPMM is entitled to priority of use."  (*Id*. at 8.)

Counter-Defendants first argue that Counter-Plaintiffs are judicially estopped from claiming infringement.  (Mot. at 9.)  Specifically, Counter-Defendants argue that Counter-Plaintiffs' infringement claims should be estopped because "[h]aving succeeded in blocking LCMM's injunctive relief request by taking one position," Counter-Plaintiffs can only succeed on a trade dress claim "if [they] embrace[] everything [they] argued against in the prior proceeding."  (*Id.* at 10.)

As a threshold matter, courts "allow pleadings in the alternative." *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858–59 (9th Cir. 2007); *see also* Fed. R. Civ. P. 8(d) (providing that "a party may set out 2 or more statements of a claim or defense alternatively or hypothetically" and that "a party may state as many separate claims or defenses as it has, regardless of consistency.").  The limitation on this freedom to state alternative or inconsistent claims is Rule 11, which provides a mechanism for dealing with false, frivolous, or bad faith claims.  *PAE*, 514 F.3d at 859.  There is no indication that Counter-Plaintiffs acted in bad faith here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-04018-JLS-SK                                               Date: October 29, 2025
Title:  La Carniceria Meat Market Group v. Carniceria Prime Meat Market LLC et al

      Further, Counter-Plaintiffs are not estopped from arguing in the alternative that if the Court finds protectable trade dress, they have priority of use.  Judicial estoppel "protect[s] the integrity of the judicial process" by preventing "a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding."  *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  Although there is not an "exhaustive formula for determining the applicability of judicial estoppel," courts generally consider the following factors: (1) whether a party's current position is "clearly inconsistent" with its previous position; (2) whether the party has succeeded in a previous proceeding based on its earlier position; and (3) whether the party seeking to assert an inconsistent position would reap an unfair advantage or impose an unfair detriment on the opposing party if not estopped.  *See New Hampshire*, 532 U.S. at 750–51.  Here, the positions taken by Counter-Plaintiffs are not clearly inconsistent.  Because no final determination has been made as to protectability, and Counter-Plaintiffs make abundantly clear that their trade dress claims are pled only to the extent that "any protectable trade dress exists," and "a likelihood of confusion is found," it is not inconsistent with their prior arguments that neither of those are true.  (Counterclaim ¶ 146.)  Under applicable precedent, Counter-Plaintiffs may plead these claims in the alternative.

      Counter-Defendants additionally argue that Counter-Plaintiffs do not allege sufficient facts to support their trade-dress claim, including, for example, an affirmative argument of why the trade dress is protectable.  (Mot. at 8.)  However, Counter-Plaintiffs' primary argument remains that the trade dress is not protectable.  (*See* Opp. at 9.)  Counter-Defendants acknowledge that to detail the claim in full, Counter-Plaintiffs "would be forced to contradict numerous factual representations made to the Court while opposing [their] request for injunctive relief."  (Mot. at 8.)  But should the Court ultimately conclude the trade dress is protectable as the litigation progresses, Counter-Plaintiffs would waive their prior-use argument if they do not raise it now.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-04018-JLS-SK                                                         Date: October 29, 2025
Title:  La Carniceria Meat Market Group v. Carniceria Prime Meat Market LLC et al

      Counter-Plaintiffs need not undermine their primary argument to raise their counterclaims.  Under Rule 8's notice pleading standard, a complaint must only "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and "plausibly suggest an entitlement to relief."  *Starr*, 652 F.3d at 1216.  Counter-Defendants are well aware of this Court's earlier ruling on their motion for a preliminary injunction, their own claims against Counter-Plaintiffs, and Counter-Plaintiffs' arguments in response.  Amending the counterclaim would therefore give no better notice than Counter-Defendants "already had via [the] if-then counterclaim."  *Sterling Computs. Corp. v. Int'l Bus. Machs. Corp.*, 2024 WL 4680799, at *8 (D.S.D. Nov. 5, 2024).  Because the Court has not reached a final conclusion on protectability and the purposes of notice-pleading have been satisfied, Counter-Plaintiffs may move forward with their alternative counterclaims for trade-dress infringement.

      Accordingly, Counter-Defendants' motion to dismiss Counter-Plaintiffs' second and third counterclaims for trade dress infringement pursuant to Texas and federal law is DENIED.

> **B.**     **First and Fourth Counterclaims: Cancellation and Declaratory Judgment Based on Distinctiveness**

      Counter-Plaintiffs' first counterclaim seeks cancellation of the trademark registration for LCMM's logo.  (Counterclaim ¶ 140.)  Counter-Plaintiffs' fourth counterclaim seeks a declaratory judgment that it did not infringe Counter-Defendants' mark because the mark is descriptive and therefore ineligible for trademark registration. (Counterclaim ¶¶ 151–52.)  Counter-Defendants argue that these two counterclaims are duplicative because they are "mirror image[s]" of their own claims, "in that both sides seek a determination of whether LCMM's claimed rights are protectable and CPMM's conduct infringes thereupon."  (Mot. at 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-04018-JLS-SK                                            Date: October 29, 2025
Title:  La Carniceria Meat Market Group v. Carniceria Prime Meat Market LLC et al

Declaratory relief is appropriate if the judgment will "serve a useful purpose in clarifying and settling the legal relations in issue" or "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Eureka Fed. Sav. And Loan Ass'n v. Am. Cas. Co. of Reading, Pa.*, 873 F.2d 229, 231 (9th Cir. 1989) (quotation omitted).  Counter-Defendants argue that the question of whether their mark is descriptive, and therefore unprotectable, will emerge over the course of adjudicating the infringement claims.  (Reply at 8–9.)  At this stage, however, it is not clear that Counter-Plaintiffs' counterclaims are entirely redundant.  For that reason, it is too early to determine that these claims are "merely the flip side" of an infringement claim, and may still "serve[] a useful purpose."  *See Sliding Door Co. v. KLS Doors, LLC*, 2013 WL 2090298, at *4 (C.D. Cal. May 1, 2013) (Bernal, J.).  Moreover, the relief sought by the first counterclaim also goes beyond a "mirror-image" of Counter-Defendants' claims.  The first counterclaim seeks cancellation of the mark's registration, which is a specific form of relief that may not result if the Court were to undertake only an infringement analysis.

Accordingly, Counter-Defendants' motion to Dismiss Counter-Plaintiffs' first and fourth counterclaims for cancellation of registration and a declaratory judgment of non-infringement is DENIED.

      **C.**      **Fifth Counterclaim: Attorney's Fees**

Lastly, Counter-Plaintiffs bring a fifth counterclaim seeking attorney's fees.  15 U.S.C. § 1117(a) provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party" in actions for trade dress violations.  However, an award of attorney's fees is not cognizable as a separate cause of action, but instead is a remedy that may follow a determination on the merits.  Accordingly, the Court interprets this counterclaim as a request for attorney's fees should Counter-Plaintiffs succeed on their claims, and dismisses the improperly-raised counterclaim.  Counter-Plaintiffs' fifth counterclaim is DISMISSED WITHOUT LEAVE TO AMEND.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-04018-JLS-SK                                    Date: October 29, 2025
Title:  La Carniceria Meat Market Group v. Carniceria Prime Meat Market LLC et al

## IV.    CONCLUSION

    For the above reasons, Counter-Defendants' Motion to Dismiss is GRANTED as to the fifth counterclaim, and DENIED as to the remaining counterclaims.

Initials of Deputy Clerk: kd